**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROY A. PASCO AND BRIAN K. PASCO,**                                   **PLAINTIFFS**
**by and through their Grandmother and
next friend, BEVERLY A. PASCO**

**VS.**                                                               **CAUSE NO. 1:03CV179-M-D**

**BRAD KNOBLAUCH**                                                               **DEFENDANT**

## ORDER

This cause comes before the Court upon defendant Brad Knoblauch's motion for summary judgment [24-1]. Plaintiffs have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This cause of action arises from a high speed pursuit which resulted in the death of plaintiffs' decedent. Holly Springs Police Officer Brad Knoblauch ("Knoblauch") was the pursuing officer and the only witness to the events of that night. The motion for summary judgment presently before the court involves legal issues which are identical to those previously ruled upon by this court in the separate action of *Pasco v. Holly Springs*, No. 1:01cv247 (*Pasco I*). On February 19, 2003, this court entered an order granting defendant Holly Springs' motion for summary judgment in *Pasco I*, concluding that plaintiffs had failed to establish a Fourth Amendment claim and concluding further that there was no basis for the imposition of municipal liability against the city.

Plaintiffs appealed this dismissal to the Fifth Circuit Court of Appeals, which affirmed the court's ruling on June 8, 2004. However, in so doing, the Fifth Circuit only considered the court's

conclusion that Holly Springs faced no potential municipal liability. The Fifth Circuit found it unnecessary to address the court's conclusion that plaintiffs had failed to establish a Fourth Amendment claim. Meanwhile, apparently anticipating the Fifth Circuit's ruling (and fearing the running of the statute of limitations), plaintiffs filed this separate action against Officer Knoblauch personally, once again asserting Fourth Amendment claims arising out of the automobile accident in question.

Plaintiffs' complaint does not pretend that the instant action is based upon any newly discovered facts, to the contrary, the complaint candidly admits that plaintiffs were seeking to preserve their rights in the event that the Fifth Circuit concluded that a Fourth Amendment violation had occurred but that no potential municipal liability existed. In reality, the Fifth Circuit did not even address the Fourth Amendment issue and affirmed solely on the basis of lack of municipal liability. In light of the foregoing, it seems clear that the instant action is merely a procedural vehicle to gain appellate review of a ruling previously made by this court in *Pasco I*. Plaintiffs have presented no new facts or arguments which might cause the court to reconsider its ruling in *Pasco I*, and the court concludes, once again, that plaintiffs have failed to establish a Fourth Amendment claim based upon the facts in this case. Defendant's motion for summary judgment [24-1] is therefore due to be granted.

SO ORDERED this, the 15th day of December, 2005.

                                                      /s/ Michael P. Mills  
                                                   **UNITED STATES DISTRICT JUDGE**